**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-60683-BLOOM/Valle**

YVON RINCHERE and
MARIE SOLANGE RINCHERE,

     Plaintiffs,

v.

OCWEN LOAN SERVICES, et al.,

     Defendants.
_____/

**ORDER OF DISMISSAL**

     **THIS CAUSE** is before the Court upon a *sua sponte* review of the record. On March 15, 2019, Plaintiffs filed a Verified Complaint for Wrongful Foreclosure, Fraud, Negligence, Quiet Title and Unfair Business Practices, ECF No. [1] ("Complaint").

     "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could work a wrongful extension of federal jurisdiction and give courts power the Congress denied them." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). Further, a "district court may act *sua sponte* to address the issue of subject matter jurisdiction at any time." *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (footnote call numbers and citations omitted). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala.*, 168 F.3d at 410. "A district

Court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *See Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotations and citation omitted). Jurisdiction in this case is lacking under all three grounds. Accordingly, the Court must dismiss the Complaint.

According to the Complaint, Plaintiffs are owners of property located at 2066 SW 153rd Way Miramar, Florida 33021. ECF No. [1] ¶ 12. Plaintiffs took out a mortgage on the home in August of 2001. *Id.* ¶ 24. Plaintiffs allege various instances of fraud committed by the Defendants related to the mortgage, resulting in Defendant HMC Asset, LLC filing a foreclosure action on July 1, 2017. *Id.* ¶ 40. A foreclosure action on the property is scheduled for March 20, 2019. *Id.* at 2. In the Complaint, Plaintiffs allege federal question jurisdiction (ECF No. [1] ¶ 10, 11) and diversity jurisdiction (*id.* ¶ 8). Nevertheless, jurisdiction is lacking in this case.

First, the cited section of the Florida Statutes does not confer jurisdiction on this *federal* court. *See* Fla. Stat. §§ 26.012. Accordingly, the Court does not have subject matter jurisdiction over the instant action under that statute.

Second, while Plaintiffs' Complaint includes references to several federal statutes and their constitutional rights, Plaintiffs' Complaint alleges ten causes of action,[1] none of which present a federal question: (1) wrongful foreclosure; (2) racketeering activity; (3) unjust enrichment; (4) fraud and negligence; (5) slander of title; (6) slander of tile; (7) violation of the Washington Consumer Protection Act; (8) slander of credit; (9) infliction of emotional distress; (10) criminal acts; (11) injunctive relief; and (12) quiet title. Plaintiffs' claims sound only in state law causes of

---

[1] Plaintiffs' "First Cause of Action" contains no claim and Plaintiffs' "Ninth Cause of Action" is completely blank.

action, and the Court cannot exercise federal question jurisdiction based solely on Plaintiffs' vague references to federal statutes or constitutional rights. *See Miccosukee Tribe of Indians of Fl. v. Kraus-Anderson Const. Co.*, 607 F.3d 1268, 1273 (11th Cir. 2010) (noting that to satisfy federal question subject matter jurisdiction, a plaintiff's complaint "must claim a right to recover under the Constitution and laws of the United States" and "a mere incantation that the cause of action involves a federal question is not always sufficient" (quoting *Bell v. Hood,* 327 U.S. 678, 681 (1946) and *Murphy v. Inexco Oil Co.,* 611 F.2d 570, 573 (5th Cir. 1980))).

To address Plaintiffs' Second Cause of Action, it purports to bring a claim for racketeering activity under 18 U.S.C. §§ 1961(1), 1341, and 1343.  However, all three statutes are criminal statutes that do not provide for a civil remedy.  The Racketeered Influenced and Corrupt Organization Act creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation" of the substantive provisions contained in Section 1962 of the RICO Act. 18 U.S.C. § 1964(c). The four required elements to state a claim for civil RICO liability are (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). Under Section 1964(c), civil RICO claimants must also demonstrate standing by showing "(1) the requisite injury to 'business or property,' and (2) that such injury was 'by reason of' the substantive RICO violation." *Williams v. Mohawk Indus., Inc.*, 411 F.3d 1252, 1256 (11th Cir. 2005). Here, Plaintiffs have failed to plead any facts to support a claim under the federal RICO statute.

Third, the allegations in the Complaint preclude the Court from exercising diversity jurisdiction.  Plaintiffs are residents of Florida (*id.* ¶ 14) and allege that several defendants are Florida corporations (*id.* ¶¶ 16, 20, 21).  The diversity jurisdiction statute applies to actions between "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign

state . . . ; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a). Here, the Court lacks subject matter jurisdiction based on diversity because there is not complete diversity between the parties to this action. *See Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1302 (S.D. Fla. 2016) (dismissing for lack of diversity jurisdiction).

As a result, Plaintiffs have failed to set forth an adequate basis upon the facts alleged for the Court to exercise jurisdiction in this case. Therefore, amendment would be futile and the Court need not permit Plaintiffs the opportunity to amend. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001); *see also Rance v. Winn*, 287 F. App'x 840, 842 (11th Cir. 2008) (affirming dismissal of *pro se* complaint without leave to amend, where plaintiff did not request leave to amend and amendment was futile).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Complaint, ECF No. [1], is **DISMISSED WITHOUT PREJUDICE;**
2. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**;
3. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 18, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 19-cv-60683-BLOOM/Valle

Copies to:

Counsel of Record

Yvon Rinchere
2066 SW 153rd Way
Miramar, FL 33027

Marie Solange Rinchere
2066 SW 153rd Way
Miramar, FL 33027